BLD-124                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3574
_____

KENNETH J. TAGGART, ON BEHALF OF HIMSELF AND
ALL OTHERS SIMILARLY SITUATED,
Appellant

v.

THE HONORABLE JEFFREY S. SALTZ, IN HIS PERSONAL CAPACITY;
THE HONORABLE FRANCESCO OTT, IN HER PERSONAL CAPACITY;
THE HONORABLE ANN LAZARUS, IN HER PERSONAL CAPACITY;
HONORABLE SUSAN PIKES GANTMAN, IN HER PERSONAL CAPACITY;
WELLS FARGO BANK NA; PHELAN HALLINAN & SCHMIEG LLP,
AND ANY SUCCESSOR IN INTEREST; REED SMITH LLP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-20-cv-01638)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 18, 2021

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: March 30, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kenneth Taggart, proceeding pro se, appeals orders of the United States District Court for the Eastern District of Pennsylvania dismissing his amended complaint and denying his motion for reconsideration. Although we disagree with the District Court's conclusion that Taggart's claims are barred by the Rooker-Feldman doctrine, we will summarily affirm its judgment on other grounds.

Wells Fargo Bank, N.A. filed a foreclosure action against Taggart in the Montgomery County, Pennsylvania Court of Common Pleas. On March 27, 2018, Judge Jeffrey Saltz entered a judgment in favor of Wells Fargo. The Pennsylvania Superior Court affirmed on August 1, 2019. The Pennsylvania Supreme Court denied Taggart's petition for allowance of appeal on April 14, 2020, and his motion for reconsideration on May 19, 2020.

On March 26, 2020, while his petition for allowance of appeal in the Pennsylvania Supreme Court was pending, Taggart filed a complaint in the District Court against Judge Saltz, Pennsylvania Superior Court Judges Paula Ott, Anne Lazarus, and Susan Peikes Gantman, who affirmed Judge Saltz's decision, Wells Fargo, and two law firms. In an amended complaint, Taggart claimed that the judges, through their decisions, violated his rights under the United States and Pennsylvania Constitutions, and sought declaratory relief. Taggart also claimed that Wells Fargo and the two law firms committed fraud, abused the judicial process, and maliciously prosecuted him. He sought money damages and an order vacating the foreclosure judgment.

2

The District Court granted the defendants' motions to dismiss the amended complaint. The District Court ruled that it lacked subject matter jurisdiction because Taggart's claims were barred by the Rooker-Feldman doctrine.[1] It also ruled that, even if it had jurisdiction, Taggart did not state a claim for declaratory relief and his claims were barred by collateral estoppel.[2] The District Court denied his motion for leave to file a second amended complaint and his motion for reconsideration. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the amended complaint. Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). We review the denial of Taggart's motion to file a second amended complaint and his motion for reconsideration for abuse of discretion. Id.

As recognized by the District Court, the Rooker-Feldman doctrine deprives federal courts of subject matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court

---

[1] See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[2] The District Court also noted that Taggart purported to file suit on behalf of himself and others similarly situated, but that as a pro se plaintiff he may bring claims only on his own behalf.

judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining, 615 F.3d at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Although the District Court concluded that these requirements were satisfied, at least one of them – that the state court judgment was rendered before the federal suit was filed – is not met. As noted above, Taggart filed his complaint in the District Court while his petition for allowance of appeal was pending in state court. Absent a final judgment in the state court proceedings, Rooker-Feldman is inapplicable. See Parker v. Lyons, 757 F.3d 701, 705 (7th Cir. 2014) (per curiam) (". . . all federal circuits that have addressed the issue have concluded that Rooker-Feldman does not apply if, as here, a state-court appeal is pending when the federal suit is filed"); Guttman v. Khalsa, 446 F.3d 1027, 1032 (10th Cir. 2006) (Rooker-Feldman inapplicable where federal suit was filed while petition for certiorari in the state supreme court was pending); see also Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 460 (3d Cir. 2019) (holding in case involving an interlocutory order "that Rooker-Feldman does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court"). The District Court thus had subject matter jurisdiction to entertain Taggart's complaint.

We agree, however, with the District Court's alternative conclusion that Taggart's claims fail on other grounds. Taggart asserts in his amended complaint that Judge Saltz and the Superior Court judges ignored the evidence and misapplied the law and that their decisions violated his constitutional rights. See Am. Compl. at 10-17. As relief, he asks

4

the District Court to compel Judge Saltz to adjudicate his foreclosure action consistent with the evidence, see Am. Compl., Count IV, and to declare that the judges violated his rights by incorrectly deciding the foreclosure action. See Am. Compl., Counts I-III, VII-XII, XXV-XXX. Taggart also alleges that Judge Saltz retaliated against him for prior lawsuits that he had filed and asks the District Court to declare that the judgment was entered in retaliation. See Am. Compl, Counts V, VI.

A declaratory judgment is available to define the legal rights of parties, not to adjudicate past conduct where there is no threat of continuing harm. Waller v. Hanlon, 922 F.3d 590, 603 (5th Cir. 2019). Absent such a threat, Article III standing is lacking. Id.; see also St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. V.I., 218 F.3d 232, 240 (3d Cir. 2000) (standing exists when "'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (citations omitted).

The declaratory relief that Taggart seeks implicates the prior handling of the foreclosure action. The judicial defendants' conduct that is the subject of the complaint has ended. Taggart also does not seek relief against parties who have legal interests adverse to his own. The District Court did not err in dismissing these claims. Although Count IV does not seek declaratory relief, it is subject to dismissal for the same reason as the remaining counts of Taggart's amended complaint discussed below.

The remaining counts assert fraud and other state law violations by Wells Fargo and the law firm defendants and are all based on alleged false statements in state court filings that Wells Fargo owned the mortgage. Taggart asks the District Court to vacate

5

Judge Saltz's judgment and seeks $40,000,000 against each of these defendants for each fraudulent claim made. See Am. Compl., Counts XIII-XXIV. Collateral estoppel bars these claims. As the District Court explained, Judge Saltz rejected Taggart's contention that Wells Fargo lacked standing to bring the foreclosure action because it did not own the mortgage. Taggart's amended complaint reflects that he disagrees that the evidence in state court supported a finding that Wells Fargo owned the mortgage. He may not re-litigate this issue. See Del. River Port Auth. v. Fraternal Ord. of Police, 290 F.3d 567, 572 (3d Cir. 2002) (stating that a court's determination on an issue necessary to support its judgment is conclusive in subsequent suits based on a cause of action involving a party to the prior litigation).

We also conclude that the District Court did not err in denying Taggart's motion for leave to file a second amended complaint as the claims in that complaint fail for the reasons stated above. Finally, the District Court did not err in denying Taggart's motion for reconsideration. Although we do not uphold the dismissal based on the Rooker-Feldman doctrine, Taggart did not show that he satisfied the standard for reconsideration.

Accordingly, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.